# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| Michael Savoy,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Dynamic Recovery Solutions, LLC,<br><br>　　　　Defendant. | **Case No.:** 6:22-cv-1024<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.　The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2.　Michael Savoy ("Plaintiff"), through his attorneys, brings this Complaint against Dynamic Recovery Solutions, LLC ("Defendant") for its violations of the FDCPA, 15 U.S.C. §§ 1692 et seq., for failing to validate a debt after a request in writing was sent by Plaintiff.

3.     Plaintiff makes these allegations on information and belief, with the exceptions of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

5.     All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

## JURISDICTION & VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the FDCPA.

7.     This Court has personal jurisdiction over Defendant because Defendant directed its unlawful collection attempts at Plaintiff, an Oregon resident.

8.     Venue is also proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Marion County, Oregon, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district, at all relevant times.

9.     More specifically, Defendant abusively sought to collect a debt by continuing to collect without providing validation of debt, which occurred while Plaintiff was located in the county of Marion.

///

## PARTIES & DEFINITIONS

10. Plaintiff is an individual residing in Salem, Oregon, and he is, and at all times mentioned was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Upon information and belief, Defendant is, and at all times mentioned herein, was a debt collection agency with its headquarters and/or a principal place of business at 135 Interstate Blvd Suite 6, Greenville, South Carolina 29615.

12. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection". Accordingly, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Sometime prior to April 2021, Plaintiff allegedly incurred some financial obligations owed to an original creditor, Citibank, N.A., in the amount of $972.42 (the "Debt"). Plaintiff takes no position as to whether the debt is owed. These obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another, and were therefore "debt(s)" as defined by 15 U.S.C. § 1692a(5).

14. Sometime thereafter, but before November 2021, Plaintiff allegedly fell behind on the payments owed on the Debt.

15. Afterwards, the alleged Debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in attempt to collect upon the Debt.

16. On or around November 19, 2021, Defendant sent Plaintiff a letter via mail notifying Plaintiff of the change in account ownership and attempting to collect on the Debt.

17. The November 19, 2021 letter was a "communication" pursuant to 15 U.S.C. § 1692a(2).

18. Concerned by Defendant's collection letter, on or around December 7, 2021, Plaintiff sent Defendant a letter via email requesting validation, verification and proof of the Debt (the "Dispute"), the email was not returned as undeliverable.

19. Despite Plaintiff sending the Dispute via e-mail to Defendant, Defendant decided to move forward with collection attempts against Plaintiff without validating the alleged debt.

20. Specifically, on or around January 19, 2022, without providing Plaintiff with the requested validation, verification, and/or proof of the Debt, Defendant sent Plaintiff a letter via mail attempting to collect the Debt and presented Plaintiff with payment options, requesting the first payment 2/18/2022.

21. Additionally, on or about March 10, 2022, without providing Plaintiff with the requested validation, verification, and/or proof of the Debt, Defendant sent Plaintiff another letter via mail attempting to collect of the Debt.

22. Defendant never provided Plaintiff with the requested validation, verification, and/or proof of the Debt as requested in Plaintiff's Dispute.

23. Defendant's failure to validate Plaintiff's alleged debt before continuing to attempt to collect on the alleged debt violated 15 U.S.C. § 1692g(b).

24. Moreover, 15 U.S.C. § 1692d provides: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

25. Here, Defendant's continued collection attempts without regard to Plaintiff's Dispute was harassing and abusive.

26. Through the above conduct, Defendant violated 15 U.S.C. §1692e and §1692e(10), by giving false representations as well as deceptive means to attempt to collect an alleged debt from Plaintiff.

27. Through the above conduct, Defendant's collection letters violated §1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

28. Due to Defendant's ongoing violations of the law, Plaintiff was required to bring this action to finally resolve Plaintiff's disputes and ensure safeguards are put in place to protect Plaintiff from future unlawful debt collection practices and harassment.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF THE FDCPA
## 15 U.S.C. §§ 1692 et seq.

29. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

30. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each, and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq. Defendant's failure to validate the debt to Plaintiff violated 15 U.S.C. § specifically, Defendant has violated the following: 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692f, and 1692g(b).

31. As a result of Defendant's violations of 15 U.S.C. § 1692 et seq., Plaintiff is entitled up to $1,000 in statutory damages and actual damages, in addition to reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded damages from Defendant, as follows:

- An award of $1,000 in statutory damages to Plaintiff for each and every violation of 15 U.S.C. § 1692 by Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages to Plaintiff for each and every violation of 15 U.S.C. § 1692 by Defendant, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other further relief that the Court may deem just and proper.

///
///
///

## DEMAND FOR JURY TRIAL

32. Plaintiff demands a trial by jury of any and all triable issues, pursuant to the Seventh Amendment of the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 14, 2022                                   Respectfully submitted,

                                                      By: /s/ David J. McGlothlin
                                                           David J. McGlothlin, Esq.

David J. McGlothlin
**Kazerouni Law Group, APC**
4455 E. Camelback Road, Suite C250
Phoenix, AZ 85018
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
david@kazlg.com

*Attorney for Plaintiff*